DARRYL M. WOO (SBN 100513)
*DWoo@goodwinlaw.com*
DAVID RAPP-KIRSHNER (SBN 344494)
*DRappKirshner@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, Suite 2800
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

ELIZABETH J. LOW (SBN 308098)
*ELow@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, California 94063
Tel.: +1 650 752 3100
Fax: +1 650 853 1038

Attorneys for Defendant
LUXURY PRESENCE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Joergen Geerds,<br><br>             Plaintiff,<br><br>      v.<br><br>Luxury Presence, Inc.<br><br>             Defendant. | Case No. 2:24-cv-01401-DMG-MAR<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed:  February 21, 2024 |

1.        <u>A. PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

1.1    Protected Materials designated under the terms of this Protective Order shall be used by a Receiving Party solely for the Action, as defined in Section 2, and shall not be used directly or indirectly for any other purpose whatsoever.

<u>1.2</u>    Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

<u>B. GOOD CAUSE STATEMENT</u>

This action is likely to involve confidential or proprietary information, or trade secrets and other valuable research, development, commercial, financial, technical or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is

warranted.  Such confidential and proprietary materials and information consist of, among other things, technical information regarding non–public software or software development, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), confidential third–party information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good–faith belief that it has been maintained in a confidential, non–public manner, and there is good cause why it should not be part of the public record of this case.

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>: *Joegen Geerds v. Luxury Presence, Inc.*, Case No. 2:24-cv-01401-DMG-MAR (C.D. Cal.).

2.2    <u>Challenging Party</u>: a Party or Non–Party that challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.  A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, or

commercially sensitive information.

2.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>: a Party or Non–Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    <u>Disclosure or Discovery Material</u>: all items or information, including from any non–party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:  Discovery Material that contains or reflects information that is extremely confidential or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non–public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, third–party confidential information, and other non–public information of similar competitive and business sensitivity.

2.9    <u>Party-Designated Representative</u>: each Party has, in addition to Designated House Counsel, designated the following business person representative

who is authorized to review Protected Material from the other Party, with the exception of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items, after executing the "Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A.  Such Party-Designated Representative may view Protected Material, only if (a) the employee has no involvement in competitive decision-making or current development of a competing product; (b) disclosure to the employee is not merely helpful or convenient but, in counsel's view, reasonably necessary for this litigation; and (c) the employee has signed Exhibit A (which shall be served by counsel to the Party so disclosing the Protected Material on opposing counsel within five days of the employee's signature of Exhibit A).

For Plaintiff Joegen Geerds: Joergen Geerds

For Defendant Luxury Presence, Inc:  Phi Vo and Monica Cabello

2.10   <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   <u>Non–Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>: a Party or Non–Party that produces Disclosure or Discovery Material in this Action.

2.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided for in this Order.  Protected Material shall not include materials that have been actually published or publicly disseminated, or is otherwise publicly available.

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

3.1    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2    Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

3.3    Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

3.4    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

3.5    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

3.6    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non–Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must

promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Available Designations.</u>  Any Producing Party may designate Discovery material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  A Producing Party may designate Discovery Material under each confidentiality designation, as defined in Section 2.

5.3    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.3(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, including "electronically stored information," as that phrase is used in <u>Federal Rule of Civil Procedure 34,</u> but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the appropriate confidentiality designation listed in Paragraph 5.2, to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  The Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, or communication in which the documentary files were contained.

In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re–designated, as appropriate during the copying process.  Then, before producing the specified documents, the Producing Party must

affix the appropriate confidentiality designation to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions, Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record on the date the testimony is given.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate confidentiality designation.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)    for electronic files and documents that are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic

format.  A person seeking to use the image from a document produced in native file format shall abide by the appropriate designation of such image or document and confirm that no information has been altered.

5.4   <u>Failures to Designate</u>.   If timely corrected, a failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

<u>6</u>.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>.   Any Party or Non–Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

<u>6.2</u>   <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non–Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, or any business or competitive purpose or function.  Such Protected Material may be disclosed only to the categories of persons

and under the conditions described in this Order.   When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

7.2    <u>Secure Storage</u>.  Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.3    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    any outside experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and only to the extent necessary to perform their tasks, provided that such expert  has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters, stenographers, and videographers retained to record testimony taken in this action, and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information

or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j)    any other person with the prior written consent of the Producing Party.

7.4    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material Without Further Approval.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" without further approval only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, but only those individuals whose duties and responsibilities in connection with this action require access to such Highly Confidential Information;

(b)    the Court and its personnel;

(c)    court reporters, stenographers, and videographers retained to record testimony taken in this action, and their staff;

(d)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(h)     any other person with the prior written consent of the Producing Party.

7.5     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material to Party Representatives, House Counsel, or Experts</u>.  Unless agreed to in writing by the Designating Party:

(a)     A party seeking to disclose to Party Representatives or House Counsel any material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must first make a written request to the Designating Party providing the full name of the House Counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in

1    any competitive decision–making.

2           (b)    A party seeking to disclose to an outside expert (as defined in this

3    Order) retained by Outside Counsel of Record any material or information designated

4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must first make a

5    written request to the Designating Party that (i) identifies the general categories of

6    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the

7    Receiving Party seeks permission to disclose to the expert, (ii) sets forth the full name

8    of the expert and the city and state of his or her primary residence, (iii) attaches a

9    copy of the expert's current resume, (iv) identifies the expert's current employer(s),

10   (v) identifies each person or entity from whom the expert has received compensation

11   or funding for work in his or her areas of expertise (including in connection with

12   litigation) in the past five years, and (vi) identifies (by name and number of the case,

13   filing date, and location of court) any litigation where the expert has offered expert

14   testimony, including by declaration, report or testimony at deposition or trial, in the

15   past five years.  If the expert believes any of the information at (iv) – (vi) is subject

16   to a confidentiality obligation to a third party, then the expert should provide

17   whatever information the expert believes can be disclosed without violating any

18   confidentiality agreements, and the party seeking to disclose the information to the

19   expert shall be available to meet and confer with the Designating Party regarding any

20   such confidentiality obligations.

21          (c)    A party that makes a request and provides the information

22   specified in Sections 7.5(a) or 7.5(b) may disclose the Designated Material to the

23   identified House Counsel or expert unless, within seven days of delivering the

24   request, the party receives a written objection from the Designating Party providing

25   detailed grounds for the objection.

26          (d)    All challenges to objections from the Designating Party shall

27   proceed under Local Rule 37-1 through Local Rule 37-4, and Judge Kim's

28   Procedures on Discovery Matters and Informal Discovery Dispute Resolution.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

(a)    promptly notify in writing the Designating Party.    Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON–PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non–Party in this Action designated as Protected Material.  Such information produced by Non–Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non–Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non–Party's confidential information in its possession, and the Party is subject to an agreement with the Non–Party not to produce the Non–Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non–Party that some or all of the information requested is subject to a confidentiality agreement with a Non–Party;

(2)    promptly provide the Non–Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non–Party, if requested.

(c)    If the Non–Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non–Party's confidential information responsive to the discovery request.  If the Non–Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non–Party before a determination by the court.  Absent a court order to the contrary, the Non–Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

<u>MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>.  This provision is not intended to modify whatever procedure may be established in an e–discovery order that provides for production without prior privilege review.  Pursuant to <u>Fed. R. Evid. 502(d)</u>, the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned, or destroyed and certified as such.  Once the Producing Party provides notice of the production of privileged materials, the Receiving Party may not use the contents of the produced document to challenge its privilege designation.

12.    <u>MISCELLANEOUS</u>

12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

<u>12.3</u>    <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79–5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material

1    under seal is denied by the court, then the Receiving Party may file the information

2    in the public record unless otherwise instructed by the court.

3    13.    <u>FINAL DISPOSITION</u>

4         After the final disposition of this Action, as defined in Section 4, within 60

5    days of a written request by the Designating Party, each Receiving Party must return

6    all Protected Material to the Producing Party or destroy such material.  As used in

7    this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

8    summaries, and any other format reproducing or capturing any of the Protected

9    Material.  Whether the Protected Material is returned or destroyed, the Receiving

10   Party must submit a written certification to the Producing Party (and, if not the same

11   person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

12   (by category, where appropriate) all the Protected Material that was returned or

13   destroyed and (2) affirms that the Receiving Party has not retained any copies,

14   abstracts, compilations, summaries or any other format reproducing or capturing any

15   of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

16   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

17   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

18   reports, attorney work product, and consultant and expert work product, even if such

19   materials contain Protected Material.  Any such archival copies that contain or

20   constitute Protected Material remain subject to this Protective Order as set forth in

21   Section 4 (DURATION).

22   14.    Any violation of this Order may be punished by any and all appropriate

23   measures including, without limitation, contempt proceedings or monetary sanctions.

24

25   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

26   //

27   //

28   //

1 | DATED: October 4, 2024

2

3 | /s/    *Jacqueline Mandel*
Attorneys for Joergen Geerds

4

5

6 | DATED: October 4, 2024

7

8 | /s/  *Darryl M. Woo*
Attorneys for Luxury Presence, Inc.

9

10 | **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

11

12 | DATED:  10/15/2024

13

14

15

16 | Hon. Margo A. Rocconi
United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the cases of *Joergen Geerds v. Luxury Presence, Inc.*, Case No. 2:24-cv-01401-DMG. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

**ATTORNEY ATTESTATION**

Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed

and on whose behalf the filing is submitted, concur in the filing's content and have

authorized the filing.

*/s/ Darryl M. Woo*

DARRYL M. WOO

1

## **CERTIFICATE OF SERVICE**

2    I hereby certify that I electronically filed the foregoing with the Clerk of the

3 Court for the United States District Court for the Central District of California by

4 using the CM/ECF system on **October 4, 2024**.  I further certify that all participants

5 in the case are registered CM/ECF users and that service will be accomplished by the

6 CM/ECF system.

7    I certify under penalty of perjury that the foregoing is true and correct.

8 Executed on **October 4, 2024**.

9

10                                    /s/ *Darryl M. Woo*
                                       DARRYL M. WOO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28